Good morning, and may it please the court. Matt Cronin of the United States. This court should affirm the district court's challenged holdings. Briefly, on the first issue, the district court correctly denied defendant's suppression motion because the officers in this case had more than sufficient reasonable suspicion to effectuate a Terry stop. Now, the defendant challenges this holding, but his challenge really only sounds in fact. If anything, he actually challenges the district court's credibility determinations, crediting the officer's testimony in their version of events and discrediting the defendant's testimony. The defendant comes nowhere close to surpassing the significant burden of demonstrating a clear error in the district court's decision. Thus, unless this court has any further questions on that issue, I will move on now to the armed career criminal question raised by the defendant. The district court also correctly found that defendant qualifies for the armed career criminal enhancement. Now, the defendant has three qualifying felonies. First, a 1999 arson conviction under Ohio revised code 2909.03A1. The second and third are felony domestic violence convictions in 2005 and 2007, also under Ohio law. First, addressing the arson conviction and why it is a predicate under the Armed Career Criminal Act. As an initial matter, the defendant states in his opening brief that the question of whether or not arson to property is generic arson is a matter of first impression in this court. That is incorrect. As we noted in our response, this court has already addressed this issue in United States v. Miller in 2007, a case which actually has striking parallels to all the arguments raised by the appellant, which this court in Miller rejected. And due to the same analysis in this case that applies to legal force, should also deny here. For this case to be considered generic arson, this court stated in Mitchell, which dealt with a different enumerated offense, but considers what is considered generic. This court stated, and I quote, for a crime to be generic, it is a generally accepted contemporary meaning of the term and a sense in which the term is now used in the criminal codes of most states. As this court noted in Miller, as the Seventh Circuit noted in a more recent case dealing with arson to personal property, a car, the same as in this case, in 2013, the majority of states, in a non-exhaustive survey, this court noted there's over 36 statutes that determine that generic arson is arson to personal property. And common sense and experience is instructive here. If I were to say that someone committed arson, the first thing that comes to your mind is not, this person must have literally set fire to a human being. No, you think this person set fire to a building, an abandoned warehouse, a car, personal property. That's how arson is generally applied. And that's also what the Supreme Court has held when it notes in Begay that generic arson is causing a fire or explosion the purpose of, e.g., giving a few examples, one of them being damaging any property. Well, I guess it's true that the Tennessee case, is that right? Miller is, yes, Your Honor. This case is under Ohio law. I'm sorry. Yeah, the Ohio arson statute, I mean, there is a separate offense under that statute for arson that does present a serious risk of physical injury, right? That is true, Your Honor. And he wasn't charged under that. Wasn't convicted under that, Your Honor, at the very least, under the Shepard-Taylor Act. OK. Does that, how do you address the potential implication that maybe this offense doesn't pose a substantial risk of injury to people? Well, Your Honor, as a preliminary matter, first to note that in Miller, this court addressed the exact same issue and likewise rejected it. The defendant in that case also raised the same argument. Parallel structure in the Tennessee statute? Exactly. The defendant made that same argument, saying that there is this aggravated arson statute and there is also an arson statute. Therefore, aggravated arson must be the only one that applies. And as the court noted here, there rather, and should equal force apply here, that that argument is incorrect. It's not how courts, the Supreme Court, this circuit, or any other, interprets the Armed Career Criminal Act. Determining armed career criminal predicates is not a contest, where one statute in a certain category gets the gold medal. Everyone else has to go home. Instead, you find that. All on the podium here. Instead, Your Honor, you find that as long as it meets the criteria of an enumerated offense, under the definition of generic arson, in this case, it applies. And that's exactly what this court found in Miller and should find again here. And then just very briefly, Your Honor, I'll note that even if somehow we're to move beyond not considering an enumerated offense, which this court should not under its own persuasive authority and numerous authority in various other circuits, and this court's statements in the Supreme Court, it also would fall under the residual clause because it presents a serious potential risk of physical injury. And that's simply because when you set fire to something, a lot of bad things tend to happen. This case, defendant set fire to a car. As this court noted in a different enumerated offense context, in 2014 in Phillips, it stated that when you commit these kind of enumerated offense property crimes, there's a real risk of violence and danger because you have people who may come onto the scene, occupants, owners, police officers, bystanders, first responders, who come onto the scene and can be injured, either because the fire spreads, something explodes. All these things are just inherent violent outcomes for these enumerated offenses. Moving on to the second issue of the two felony predicates, which is felony domestic violence in 2005 and 2007. As we noted in our brief, this court exhaustively analyzed this exact same question, 2013 in the United States v. Barnett. And for the exact same issue involving the exact same statute, the defendant was convicted under twice over. Same state, statute? It was literally exactly the same, Your Honor. So the statute in Barnett is the same here. So higher revised code 2919.25. And what the court found in Barnett is that, and I quote, the rules of this binding authority, in this case, published authority, because Barnett wasn't published. It was just persuasive authority. It stated that the rule in Anderson, a published case and others, quote, compels, unquote, the conclusion that this case, that this statute, rather, is a predicate for unclear criminal purposes. And that case, I guess it did not come before the Supreme Court case. I forget which one that the defendant is relying upon. Oh, he mentions Castleman, Your Honor. Right, Castleman. Would you like me to address that now? Actually, Castleman comes after. Yeah, that's what I mean. I'm sorry, I made a mistake. Does Castleman imply any invalidity in the analysis in Barnett? No, Your Honor. And you'll note that while the defendant states in his reply brief that there's a clear implication, he cites nothing in the case that supports this contention. And that's because Castleman deals with, it actually affirms, or it reverses, rather, this circuit's decision, which stated that a 922g9 conviction was not domestic violence. And so not only does this case state the opposite conclusions, but also he's in the wrong area of law. It deals with misdemeanor domestic violence or 922g9, which is a felon in possession of a firearm who was previously convicted of misdemeanor domestic violence. This case involves a different statute, the Armed Career Criminal Act, under two of the three clauses in it, the violent force and residual clause, and also deals with felony domestic violence, not misdemeanor domestic violence. And so, Your Honor, just going back real quick to Barnett, that case went through and analyzed it and found, first, that two of the three offenses under 2919.25 are valid armed career criminal predicates, A and C. B was not because it involved reckless conduct. Under Barnett's analysis, which should really apply equally here, it's the exact same statute, you would then look and see whether this defendant was convicted under 2919.25A or C. You'll see from the Shepard-Taylor documents, which the lower court analyzed and is in the record, that the defendant was convicted under 2919.25A because both the indictment and judgment state the exact language of 2919.25A, which is that no person shall knowingly cause or attempt to cause physical harm to a family or household member. And defendant briefly makes an argument saying that it's basically because these are felonies due to the fact that there's recidivism involved, you commit a couple misdemeanors, it goes up to felony domestic violence. That shouldn't happen. This court has a controlling authority. The United States v. Kearney, which says otherwise, states that felony domestic violence, which is a felony due to it being due to recidivism, is still a valid predicate for armed career criminal. Well, the Ohio statute that you just referred to, 3919.25A, I mean, that makes a reference to physical harm. Yes, Your Honor. And Ohio, as I understand it, defines physical harm as, quote, any injury, illness, or other physiological impairment regardless of its gravity or duration. Yes, Your Honor. So I mean, we have to take account of that definition in doing our categorical approach here. Yes, Your Honor. So would that mean, for example, if somebody just delivered a hard pinch to somebody that was painful but didn't leave a bruise or anything, that that then would amount to violent force under section, I guess, 924? Your Honor, based upon Supreme Court precedent, it would. As the Supreme Court noted in Johnson, which is the case that really does the closest to analyze this sort of issue here, the Johnson case found that, essentially, there is a Florida statute that has a number of different ways where simple battery could have been interpreted. And the one way they thought would be improper as an armed career criminal predicate was if it involved mere touching, i.e. no injury. And that's what the Supreme Court really took issue with in Johnson, is that you don't have an injury here. You have literally just someone touching them when they'd not like to be touched. There's no physical harm. So basically, once you lay hands on somebody, you're sort of taking a risk. Yeah. And, Your Honor, yes. And that makes sense as a public policy consideration, considering the purpose of the Armed Career Criminal Act, which the Supreme Court and this court has noted in various opinions. And also, Your Honor, I just want to make clear that's not just laying hands, but also causing injury, illness, or impairment for the purpose of Ohio law. So it couldn't just be touching someone. There has to be an injury. And that's what the Supreme Court has found to be important in the cases that it's dealt with thus far, most specifically Johnson. And then just to note real quick, Your Honor, we discussed Castleman a few moments earlier. This court in Mendez, a decision we put in our 28-J letter last week, it was decided very recently, November 14, 2014. It discussed Castleman and rejected the same kind of arguments defendant makes based upon Castleman. Just want to note that for this court's record. And just also note that, and I'm happy to speak in more detail if you'd like, even if this court were contrary to Barnett and controlling authority, which compels the conclusion that it's a violent offense for the first armed career criminal clause, it would also fall under the residual clause. And so even if we were to put all this authority aside and make a contrary decision, it would still fall under the residual clause of the Armed Career Criminal Act, because there's a serious potential risk of injury, which felon domestic violence would certainly qualify. So unless there are any further questions, the United States will rest on its brief and ask this court to affirm the district court's challenge holdings. Thank you. Thank you, counsel. The case will be submitted.